IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CASE NO. 4:21-CR-00041-M-1

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERRY KENDELL GEORGE, JR.,<br><br>Defendant. | ORDER |

This matter comes before the court on the Government's Notice of Intent to Present Evidence Pursuant to Federal Rule of Evidence 404(b). [DE 37]. The government seeks to admit evidence of other crimes, wrongs, or acts. The Defendant argues this evidence should be excluded. For the reasons that follow, the government's evidence of prior acts will be admitted in part and excluded in part.

**I. Background**

**A. Statement of Facts**

The following brief statement of facts is drawn from the government's notice of intent to present 404(b) evidence and the pre-trial conference in this case, in which the parties agreed to the relevant facts. [DE 37, DE 60].

On August 14, 2020, at approximately 3:45 a.m., Havelock Police Officer Colton initiated a traffic stop of a white Tahoe reportedly involved in a nearby larceny. The officer spoke to the driver, Prince Fraizer. The officer smelled marijuana. He then instructed the driver and Defendant, Terry Kendell George Jr., who was riding in the passenger seat, to step out of the vehicle.

1

The officer searched the vehicle. He discovered a Taurus .45 caliber handgun located between the front passenger seat and door frame. He also found the firearm's magazine loaded with ammunition under the seat cover where George had been sitting. The firearm and magazine were in arm's reach of George. Both men denied knowledge of the firearm and magazine.

**B. Procedural History**

On October 20, 2021, a federal grand jury in the Eastern District of North Carolina returned a Superseding Indictment charging George with possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [DE 22]. On February 16, 2022, George entered a not guilty plea. [DE 34]. Jury selection and trial is scheduled to commence on April 5, 2022, in Wilmington, North Carolina. [DE 36].

On March 31, 2022, the court held a pre-trial conference. [DE 60]. At the conference, the court heard argument on the government's notice to introduce Rule 404(b) evidence.

**C. Evidence of Prior Crimes, Wrongs, and Acts**

The government seeks to admit four pieces of evidence divisible into two broader categories. First, the government seeks to admit facts from two prior traffic stops in which George possessed handguns and ammunition in a vehicle. The government seeks this evidence to show knowledge, intent, and absence of mistake with respect to the handgun and ammunition George is charged with possessing in a vehicle in the instant case. Second, the government seeks admission of the fact of two prior federal convictions and judgments for felon-in-possession of a firearm and ammunition. The government also seeks to introduce this evidence to prove knowledge, intent, and absence of mistake.

2

### 1. Evidence of George's Prior Possession of Handguns and Ammunition in Vehicles.

The facts surrounding the two traffic stops in which the Defendant possessed a handgun and ammunition are as follows:

First, on July 10, 2010, Sgt. Martin Studdard of the Grandview, Missouri Police Department, initiated a traffic stop of George's Ford Expedition for failure to maintain its lane of traffic. George was sitting in the rear passenger seat. He admitted the car was his and that he had been drinking alcohol. The officer saw an open container and smelled alcohol. He directed the occupants to exit the vehicle. During the search, the officer discovered a silver and black Bryco Arms Jennings 9mm handgun directly under the seat where George was sitting. Next to the handgun was a loaded magazine. Both the handgun and magazine were within arm's reach of George. On September 15, 2010, a federal court revoked George's supervised release based on the illegal possession of a handgun and magazine.

Second, on April 22, 2014, Havelock Police Sgt. Connor Woodling initiated a traffic stop of Defendant's silver Toyota Camry, which was reportedly involved in an earlier shooting. George was the driver. The officer ordered George and his three passengers to exit the vehicle. He searched the vehicle and found a loaded Springfield Armory .40 caliber handgun under the driver's seat where George had been sitting. The firearm was within arm's reach of George. An eyewitness stated that George concealed the firearm under his seat when Sgt. Woodling initiated the traffic stop. On October 5, 2014, George pled guilty to Possession of a Firearm and Ammunition by a Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924.

### 2. Evidence of George's Prior Federal Convictions and Judgments for Possession of a Firearm and Ammunition.

In addition, the government seeks to introduce two of George's prior federal convictions and judgments for felon-in-possession of a firearm and ammunition. Specifically, the government seeks to introduce George's 2009 conviction and judgment for Possession of a Firearm by a Felon in the Western District of Missouri [DE 37, Attach. A], and his 2016 conviction and judgment for Possession of a Firearm and Ammunition by a Felon in the Eastern District of North Carolina [DE 37, Attach. B].

## II. Legal Standard

The court begins with the general rule that relevant evidence is admissible. Any evidence which tends to make the existence of a fact of consequence "more or less probable" is relevant and, therefore, generally admissible. Fed. R. Evid. 401, 402. However, the court may exclude relevant evidence if its probative value is "substantially outweighed" by the potential for undue prejudice, confusion, delay, or redundancy. Fed. R. Evid. 403. Prejudice is an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997) (citing Fed. R. Evid. 403 advisory committee's note).

"Against these general principles, Federal Rule of Evidence 404(b) recognizes the potentially probative value of evidence about prior 'crimes, wrongs, or acts.'" *Id.* Evidence of any other crime, wrong, or act is admissible in a criminal case to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). However, such evidence "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with [their] character." Fed. R. Evid. 404(b)(1).

4

The Fourth Circuit has held that evidence of prior crimes, wrongs, or acts is admissible under Rule 404(b) if it meets four criteria. First, prior-act evidence must be relevant to an issue, for example an element of the offense, but not offered to establish general character. *Queen*, 132 F.3d at 997. "In order for evidence to be relevant, it must be sufficiently related to the charged offense." *United States v. Rawle*, 845 F.2d 1244, 1247 n.3 (4th Cir. 1988). Second, the prior-act evidence must be necessary in the sense that it is probative of an essential claim or an element of the offense. *Queen*, 132 F.3d at 997; *see also id.* at 998 ("Evidence is necessary where, considered in the 'light of other evidence available to the government,' it is an 'essential part of the crimes on trial, or where it furnishes part of the context of the crime.'") (internal citations omitted). Third, the prior-act evidence must be reliable. *Queen*, 132 F.3d at 997. "[E]vidence is reliable if it is sufficient to allow the jury to reasonably conclude that the act[s] occurred and that the defendant was the actor." *United States v. Van Metre*, 150 F.3d 339, 350 (4th Cir. 1998) (internal quotation marks omitted). Fourth, the evidence's probative value cannot be substantially outweighed by unfair prejudice. *Queen*, 132 F.3d at 997. In other words, if prior-act evidence is relevant, necessary, and reliable, it then must pass the Rule 403 balance: if its probative value is substantially outweighed by the danger of unfair prejudice, it is inadmissible. Fed. R. Evid. 403; *see also Queen*, 132 F.3d at 997. Evidence of prior acts that satisfies these four factors is admissible.

The Fourth Circuit has also provided two additional safeguards for admitting evidence of prior acts. The court can provide a limiting instruction and require advance notice of intent to introduce such evidence. *See, e.g., United States v. Hodge*, 354 F.3d 305, 312 (4th Cir. 2004) ("Limiting jury instructions explaining the purpose for admitting prior bad acts evidence and advance notice of the intent to introduce such evidence provide additional protection to defendants." (citing *Queen*, 132 F.3d at 997)). Such safeguards reduce any risk of unfair prejudice.

5

## III. Legal Analysis

### A. Evidence of George's prior possession of handguns and ammunition in vehicles is admissible under Rule 404(b) of the Federal Rules of Evidence.

The evidence of George's prior possession of handguns and ammunition in vehicles is admissible to show knowledge, intent, and absence of mistake because it satisfies the four *Queen* factors for admissibility under Rule 404(b) of the Federal Rules of Evidence.

First, the evidence is relevant to George's knowledge, intent, and absence of mistake in possessing firearms and ammunition in a vehicle in the present case. In a case "where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." *United States v. Brown*, 398 F. App'x 915, 917 (4th Cir. 2010) (quoting *United States v. Cassell*, 292 F.3d 788, 793 (D.C. Cir. 2002) (Sentelle, J.)). Specifically, the Fourth Circuit has held "[i]n cases . . . involving constructive possession," such as the present case, "evidence of prior firearm possession is admissible to show knowledge and intent." *Id.* at 917; *see also United States v. Byers*, 649 F.3d 197, 209 (4th Cir. 2011) ("Put simply, the fact that [the defendant] knowingly possessed a firearm in a car on a previous occasion makes it more likely that he knowingly did so this time as well, and not because of accident or mistake.") (quoting *United States v. Jernigan*, 341 F.3d 1273, 1281–82 (11th Cir. 2003)). George denies having either knowledge or intent to possess the firearm and ammunition in the present case. Therefore, the evidence the government seeks to introduce is "relevant to an issue other than character and necessary to the government's proof of intent [and knowledge]." *United States v. Comstock*, 412 F. App'x 619, 624 (4th Cir. 2011). Moreover, numerous circuits have "considered the issue and held that past possession of a firearm is relevant to proving intent." *Id.* (collecting cases).

The evidence of prior acts is particularly relevant and probative here given the similarities between the prior acts and the alleged instant offense. In each of the prior acts and in the instant offense, law enforcement conducted a traffic stop of a vehicle. George was in the vehicle. Officers searched the vehicle and discovered a firearm and ammunition. The firearm was a handgun. The firearm was concealed under or around the seat where George was sitting. The firearm was found within arm's reach of George. The Fourth Circuit has noted the central importance of a prior act's similarity to the charged conduct in admitting prior-act evidence under Rule 404(b):

> The more similar the extrinsic act or state of mind is to the act involved in committing the charged offense, the more relevance it acquires toward proving the element of intent. Furthermore, when only a defendant's *similar* acts are introduced, the concern that a defendant is being tried merely for having a bad character is somewhat allayed. The similarity of the acts not only provides a logical nexus between the extrinsic act and the charged act, but also provides a cognizable divide between the kinds of evidence that are introduced to show a particular intent and those that are introduced only to show a much more generalized intent (and therefore propensity to commit crime in general).

*Queen*, 132 F.3d at 996; *see also United States v. Trent*, 443 F. App'x 860, 863 (4th Cir. 2011) ("Here . . . the prior incidents closely resemble the offense of conviction. Accordingly, they illuminate the critical issue of whether [the defendant] knowingly possessed the firearm in the Taurus."). The prior-act evidence the government seeks to admit is substantially similar to the evidence in the charged offense. Therefore, it is relevant to prove George knew the gun was beside his seat, that he was sitting on the ammunition in his seat cover, and that he would not have been mistaken about possessing the gun and ammunition.

George argues that the prior acts are factually and temporally dissimilar and therefore inadmissible. The court disagrees. Georges argues "[i]n each case, the gun was different, the vehicle was different, the circumstances of the stop were different, and most importantly, the way in which the firearm was stored was different." [DE 57, at 4]. However, in each case, law

7

enforcement initiated the traffic stop in response to purported illegal activity, the firearm found was a handgun, it was located in the same vehicle as George, and the firearm was stored under or around George's seat, within his arm's reach. "'[P]ast conduct need not be identical to the conduct charged,' but it must be 'similar enough to be probative of intent.'" *Van Metre*, 150 F.3d at 350. The prior-act evidence the government seeks to admit here is more than "similar enough" to be probative of intent, knowledge, and absence of mistake.

The passage of time between the prior acts and instant offense also does not render the evidence inadmissible. The Fourth Circuit has repeatedly recognized that temporal proximity does not undermine relevance when there is great similarity between the prior acts and instant offense. *See United States v. Sterling*, 860 F.3d 233, 247 (4th Cir. 2017) ("Although the Rule 404(b) evidence was fairly old in this case, it did bear sufficient similarity in terms of pattern of conduct to justify its admission."); *see also United States v. White*, 405 F.3d 208, 213 (4th Cir. 2005) ("Further, as the district court noted, although Cassandra's testimony concerned events that were remote in time from the charged offense, the evidence was nonetheless probative because it involved prior drug transactions between White and Cassandra—both of whom were named as coconspirators in the present indictment.").[1]

Second, the prior-act evidence is necessary. Evidence is necessary if "it is probative of an essential claim or an element of the offense." *United States v. Rooks*, 596 F.3d 204, 211–12 (4th Cir. 2010). It need not be "critical to the prosecution's case" to be necessary. *Id.* at 211. While certain facts are stipulated in this case, George's plea of not guilty places at issue his knowledge

---

[1] George also argues "[t]he lack of evidence connecting Mr. George to the firearm in this case exacerbates the prejudicial risk inherent to all prior act evidence." [DE 57, at 5]. The caselaw instructs otherwise. Instead, Rule 404(b) evidence becomes more necessary when there is a lack of other evidence. *See, e.g., Byers*, 649 F.3d at 209 ("Rule 404(b) evidence is more likely to become necessary where the evidence intrinsic to the crime at issue is sparse or weak.").

8

of and intent to possess the firearm and ammunition. *United States v. McBride*, 676 F.3d 385, 398 (4th Cir. 2012). The evidence of George's similar prior crimes, wrongs, or acts is relevant to George's knowledge of the firearm and ammunition in this case, making it "necessary" to show those elements. *Sterling*, 860 F.3d at 247 ("[A] not-guilty plea puts one's intent at issue and thereby makes relevant evidence of similar prior crimes when that evidence proves criminal intent.") (quoting *United States v. Sanchez*, 118 F.3d 192, 196 (4th Cir. 1997)); *Queen*, 132 F.3d at 998 (affirming evidence was necessary when "the government presented the prior-act evidence in order to prove intent, which is an essential element of the crime charged."). Moreover, the evidence's relevance to proving an element of the alleged crime supports its necessity. *See McBride*, 676 F.3d at 396 ("The factors of relevance and necessity . . . which embody overlapping concerns, are often considered in tandem.").

Third, the prior-act evidence is reliable. For both prior acts, George pled guilty and admitted to possessing a firearm and ammunition. Thus, the jury may reasonably conclude that the acts occurred, and that George was the actor. *Cf. United States v. Hornsby*, 666 F.3d 296, 308 (4th Cir. 2012) ("Under prong three, '[e]vidence is reliable and should be submitted to the fact finder unless it is "so preposterous that it could not be believed by a rational and properly instructed juror."'"). In addition, the government intends to introduce the evidence by calling witnesses subject to cross-examination. That renders the evidence more reliable. *See Queen*, 132 F.3d at 998 (holding that witnesses testifying to prior acts subject to cross-examination were reliable even when they "were testifying pursuant to agreements for favorable treatment in their cases.").

Fourth, the prior-act evidence's probative value outweighs any danger of unfair prejudice. "Generally speaking, 'bad acts' evidence, admissible under Rule 404, is not barred by Rule 403 where such evidence 'did not involve conduct any more sensational or disturbing than the crimes

9

with which [the defendant] was charged.'" *Byers*, 649 F.3d at 210. Here, the two prior acts are substantially similar to the present alleged offense and involve the same alleged criminal conduct. The substantial similarity between the prior acts and the charged offense lessens any danger of unfair prejudice. *See, e.g., Comstock*, 412 F. App'x at 625 ("Here, the challenged evidence involved conduct substantially similar to the charged offense, lessening the danger that the jury would be provoked to behave irrationally.").

Moreover, the court has guaranteed additional safeguards against unfair prejudice. First, the government provided over 30-days' notice before trial of its intent to admit Rule 404(b) evidence. *See, e.g., Queen*, 132 F.3d at 997 ("And in cases where the prosecution has notified the defendant of its intent to use particular Rule 404(b) evidence and where there is no evidence that the prosecution is placing the defendant's entire earlier life on trial, the fear of a 'trial by ambush' recedes."). Second, the bare fact of conviction and judgment for George's two prior felon-in-possession offenses will be excluded to avoid cumulative evidence. *Cf. Byers*, 649 F.3d at 209 ("Thus, 'as the quantum of other non-Rule 404(b) evidence available to prove an issue unrelated to character increases, the need for the Rule 404(b) evidence decreases.'") (quoting *United States v. Lighty*, 616 F.3d 321, 354 (4th Cir. 2010)). Third, the court will give a proper limiting instruction to the jury. *White*, 405 F.3d at 213 ("And, any risk of such prejudice was mitigated by a limiting instruction from the district court clarifying the issues for which the jury could properly consider this evidence."). These additional safeguards remove any unfair prejudice and eliminate "[t]he other historical dangers addressed by Rule 404(b)—risk of juror confusion and trial by ambush." *Queen*, 132 F.3d at 998.

10

The evidence of George's substantially similar prior acts of possessing firearms and ammunition in vehicles is relevant, necessary, reliable, probative, and not unfairly prejudicial. It satisfies the four *Queen* factors and is admissible under Rule 404(b).

### B. Evidence of George's Prior Federal Convictions and Judgments for Possession of a Firearm and Ammunition is inadmissible under Rule 404(b) and Rule 403 of the Federal Rules of Evidence.

George's two federal convictions and judgments for possession of a firearm and ammunition by a felon are inadmissible. George has stipulated to the fact of his prior felony conviction and knowledge of his felony status. Under *Old Chief v. United States*, the bare fact of two prior convictions and judgments is inadmissible to prove those elements. Although for other purposes the prior convictions might be relevant and reliable, the evidence is cumulative and therefore unnecessary, and the evidence's probative value is substantially outweighed by the risk of unfair prejudice. Without evidence of underlying factual similarity, the mere fact of prior convictions and judgments presents too great a risk of unfair prejudice—that the evidence will show propensity rather than knowledge, intent, or absence of mistake. Moreover, the evidence is cumulative and therefore less probative, more prejudicial, and unnecessary.

First, the bare fact of conviction and judgment for George's two prior felon-in-possession offenses is inadmissible under *Old Chief v. United States*, 519 U.S. 172 (1997). In *Old Chief*, the Supreme Court held the fact of a prior felony conviction inadmissible when a plaintiff offers to stipulate to their convicted felon status at the time the government alleges possession of a firearm in violation of 18 U.S.C. § 922(g)(1). 519 U.S. at 174. The Court recognized "that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant." *Id.* at 185. Such evidence is inadmissible when the court is "also presented with alternative, relevant, admissible evidence of the prior conviction by [an] offer to stipulate." *Id.* at 186. George

11

has stipulated that he was a felon and knew he was a felon at the time of the instant offense. Therefore, the bare fact of his prior convictions and judgments is inadmissible to prove those elements of the offense under *Old Chief*.

Second, the bare fact of conviction and judgment for George's two prior federal felon-in-possession offenses is unnecessary because it is cumulative. The Fourth Circuit has recognized that when the government has probative evidence that is not excluded under Rule 404(b), additional evidence under Rule 404(b) becomes cumulative, and therefore less probative and unnecessary. The Court has stated

> Because district courts must analyze the evidence available to the government, if the Rule 404(b) evidence is entirely cumulative to other non-Rule 404(b) evidence available to the government, the Rule 404(b) evidence may not meet the necessity prong. Moreover, as the quantum of other non-Rule 404(b) evidence available to prove an issue unrelated to character increases, the need for the Rule 404(b) evidence decreases. When the non-Rule 404(b) evidence renders the Rule 404(b) evidence unnecessary is a determination left to the sound discretion of the district court.

*Lighty*, 616 F.3d at 354; *see also Byers*, 649 F.3d at 209. The bare fact of prior federal convictions and judgments for illegal possession of a firearm and ammunition is duplicative and cumulative of the government's admissible evidence that on two prior occasions George illegally possessed a firearm and ammunition in a vehicle. The evidence of two convictions and judgments is therefore unnecessary to prove an essential element of the case and inadmissible under *Queen*.

Third, this prior-act evidence's probative value is outweighed by the risk of unfair prejudice and the needless presentation of cumulative evidence. The bare fact of two prior convictions and judgments lacks factual similarity linking the prior acts to the present alleged conduct. *Cf. United States v. Johnson*, 617 F.3d 286, 297 (4th Cir. 2010) ("The fact that a defendant may have been involved in drug activity in the past does not in and of itself provide a sufficient nexus to the charged conduct where the prior activity is not related in time, manner,

12

place, or pattern of conduct."). Unlike the evidence that on two prior occasions George possessed firearms and ammunition in a vehicle, which is factually similar to the alleged conduct in the present case, the mere fact of prior convictions and judgments for illegally possessing a firearm and ammunition lacks substantial factual similarity to ensure it is not being used to prove propensity. *See United States v. Bell*, 901 F.3d 455, 465–66 (4th Cir. 2018) (explaining under Rule 404(b) that evidence of "the bare fact of the defendant's convictions" "without offering 'any [other] information regarding the circumstances giving rise to the convictions'" is properly excluded because such evidence is "either irrelevant to the purpose for which it had been admitted or, for certain purposes, so marginally relevant and unduly prejudicial as to violate Rule 403."). Moreover, the admission of prior-act evidence of George possessing firearms and ammunition in a vehicle, renders the two convictions and judgments cumulative. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence."). Therefore, the prior-act evidence of George's two prior convictions and judgments is excluded as unnecessary, unfairly prejudicial, and cumulative.

**IV. Conclusion**

The court will permit the government to introduce evidence that on two prior occasions George possessed firearms and ammunition in a vehicle. The court will exclude evidence of the fact of George's two prior convictions and judgments for possessing a firearm and ammunition as a felon.

SO ORDERED this 4th day of April, 2022.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

13